IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KEVIN COMBS, | : | Civil No. 3:18-cv-1713 |
| --- | --- | --- |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| MICHELLE WELLER, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

Plaintiff Kevin Combs ("Combs"), an inmate who, at all relevant times, was housed at the Franklin County Jail, in Chambersburg, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Deputy Warden Michelle Weller, Records Department Official Salinda Dickinson, and John/ Jane Doe. (*Id.*). Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 14). For the reasons set forth below, the Court will grant the motion. The Court will also dismiss the action against the John/ Jane Doe Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

II. **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Allegations of the Complaint

On June 14, 2018, Combs was transported from the Lackawanna County Prison to the Franklin County Jail pursuant to a "transport order/writ" to testify before a grand jury at the Franklin County Courthouse on June 15, 2018. (Doc. 1, pp. 2-3). At the time of the grand jury hearing, Combs refused to testify, despite being granted immunity by the presiding judge for any potential incriminating statements. (*Id.* at p. 3). The grand jury hearing was then rescheduled for July 13, 2018, and Combs was informed that he was required to testify. (*Id.* at p. 4). Combs remained housed at the Franklin County Jail until

3

the rescheduled grand jury hearing. (*Id.*).

Before the July 13, 2018 hearing, Combs filed grievances with the Franklin County Jail complaining of his alleged unlawful confinement. (*Id.* at pp. 4-5). In the grievances, Combs claims that he was "at risk of irreparable harm upon missing upcoming [court] deadlines." (*Id.* at p. 5). On July 9, 2018, Defendant Dickinson responded to one of the grievances and stated: "We have on file, an order from Judge Van Horn dated & effective 6/15/2018 that you are to remain housed at Franklin Co. Jail pending your required testimony on 7/13." (*Id.* at p. 8).

## IV. Discussion

### A. Unlawful Confinement Claim

Combs alleges that he was unlawfully confined at the Franklin County Jail from June 15, 2018 through July 13, 2018 without a valid commitment order. (Doc. 1, p. 6). Combs is essentially challenging the validity of the judgment and commitment order. Therefore, a habeas petition is the appropriate vehicle through which Combs should seek relief.

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford*

*v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). Combs is challenging the fact and duration of his confinement, and such a challenge must proceed in a petition for writ of habeas corpus. *Williams v. Cosovoy*, 453 F.3d 173, 177 (3d Cir. 2006). It is well-settled that prisoners cannot use section 1983 to challenge the fact or duration of their confinement. *See Preiser*, 411 U.S. 475.

Furthermore, any claim for money damages under the Eighth Amendment cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The *Heck* Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). Because Combs has not presented any evidence that his conviction and sentence has been invalidated, *Heck* bars any claim for damages in the instant action. *See Heck*, 512 U.S. at 486-87.

*Heck* has also been extended to requests for declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641 (1997). As the Supreme Court explained in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of *Heck* as follows: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams*, 453 F.3d at 177.

In the case at bar, *Heck*'s favorable-termination rule applies because Combs' complaint calls into question the validity of his confinement. The favorable-termination rule applies to Eighth Amendment claims under *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989), which bars such claims until the plaintiff's purported confinement beyond his maximum

6

sentence "has been invalidated by state authorities, the state court or by issuance of a writ of habeas corpus." *Owens v. Ortiz*, 2005 WL 1199066, at *3 (D.N.J. May 19, 2005). Consequently, Combs' unlawful confinement claim will be dismissed.

Moreover, it is clear that there was valid authority for Combs' incarceration at the Franklin County Jail from June 15, 2018 to July 13, 2018. On June 14, 2018, Combs arrived at the Franklin County Jail pursuant to an order from the Franklin County Court of Common Pleas. (Doc. 14-3, Franklin County Court of Common Pleas Order, dated June 5, 2018). The order, dated June 5, 2018, mandated that Combs be transported from the Lackawanna County Prison to the Franklin County Jail to testify before a grand jury. (*Id.*). After Combs refused to testify, he was remanded to the Franklin County Jail and incarcerated pursuant to a new order dated June 15, 2018. (Doc. 14-4, Franklin County Court of Common Pleas Order, dated June 15, 2018). This order required that Combs be held at the Franklin County Jail until July 13, 2018, the date of the rescheduled grand jury hearing. (*Id.*). There is simply no indication that the orders of the Franklin County Court of Common Pleas were invalid.

For all the foregoing reasons, Combs' unlawful confinement claim fails and will be dismissed.

B. Access to the Courts Claim

Combs claims that his right to access the courts was violated because he was at risk

of missing legal deadlines. (Doc. 1, p. 4).

"Prisoners have a right of access to the courts." *Caldwell v. Beard*, 305 F. App'x 1, 3 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 352-53, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). To state an access to the courts claim, a prisoner must: (1) demonstrate that the underlying claim was arguable and nonfrivolous, (2) describe the official acts frustrating the litigation, and (3) identify a remedy that could not otherwise be obtained. *Falciglia v. Erie County Prison*, 279 F. App'x 138, 140 (3d Cir. 2008) (dismissing the claim where the plaintiff provided no information concerning the underlying claim) (citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). The prisoner-plaintiff must allege an actual injury to his ability to litigate a claim or his constitutional right of access to the courts has not been violated. *Caldwell*, 305 F. App'x at 3. "Actual injury can be demonstrated by alleging that the defendants' actions resulted in the 'loss or rejection of a legal claim.'" *McNeil-El v. Diguglielmo*, 271 F. App'x 283, 285-86 (3d Cir. 2008) (citing *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir.1997)). *See also Caldwell*, 305 F. App'x at 3 ("An actual injury is shown only where a nonfrivolous, arguable claim is lost.").

Combs' claims are insufficient to show that he was denied access to the courts and he fails to allege an actual injury to his ability to litigate a claim. *See Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (stating that the complainant "must describe the underlying

arguable claim well enough to show that it is 'more than mere hope'"). In the complaint, Combs broadly alleges that he is "[at] risk of . . . missing legal deadlines in other courts' jurisdictions." (Doc. 1, p. 4). Combs has not alleged that he has actually missed any deadlines or was precluded from making some arguably meritorious motion. In fact, Combs' ability to present this current action indicates that his access to the courts has not been impeded. In failing to establish an actual injury or some legal loss, Combs has failed to demonstrate that he was unconstitutionally denied access to the courts. Therefore, the Court will dismiss the access to the courts claim.

### C. Qualified Immunity

Defendants invoke the defense of qualified immunity in their motion to dismiss. (Doc. 17, pp. 11-14). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Thus, so long as an official

reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." *Sharp*, 669 F.3d at 159 (citing *Pearson*, 555 U.S. at 244). Although qualified immunity is generally a question of law that should be considered at the earliest possible stage of proceedings, a genuine dispute of material fact may preclude summary judgment on qualified immunity. *Giles v. Kearney*, 571 F.3d 318, 325–26 (3d Cir. 2009).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two *Saucier* prongs should be addressed first). Because Plaintiff has failed to establish a violation of a constitutional right, Defendants are protected by qualified immunity.

## V. Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The John/ Jane Doe Defendant was named in the complaint that was filed on August 29, 2018 and, to date, has not been identified or served in this case. The Court must engage in a two-step process in determining whether to dismiss the non-served Defendant or grant Combs additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Combs failed to establish good cause. Combs' *pro se* status is not good cause to excuse his failure to timely identify and serve the John/ Jane Doe Defendant. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). Additionally, Combs failed to timely request an enlargement of time to serve this Defendant. *See McCurdy v.*

*Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (noting that good cause is generally established when a plaintiff moves for an extension of time before the expiration of the 120 days service period). Thus, the Court finds that Combs failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Combs that the action against the John/ Jane Doe Defendant was subject to dismissal, and directed him to show cause why the action against this Defendant should not be dismissed pursuant to Rule 4(m). (Doc. 30). It is Combs' responsibility to properly identify all Defendants, and provide accurate mailing addresses for the Defendants, in a timely fashion. (*See* Doc. 7 ¶ 6) (advising Combs that failure to properly name a Defendant, or provide an accurate mailing address for a Defendant, may result in dismissal of the claims against that Defendant pursuant to Federal Rule of Civil Procedure 4(m)).

Combs has been granted the opportunity to effect proper service and was notified that the non-served Defendant was subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 30). Combs has nevertheless failed to identify and serve this Defendant. As a result, the unidentified, non-served Defendant will be dismissed from this

action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## VI. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). In the matter *sub judice*, the flaws in Plaintiff's constitutional claims are both legal and factual, and thus incurable. For this reason, the Court concludes that curative amendment would be a futile endeavor.

## VII. Conclusion

Based on the foregoing, Defendants' motion to dismiss will be granted. The Court will also dismiss the action against the John/ Jane Doe pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order shall issue.

Dated: June 20, 2019

Robert D. Mariani
United States District Judge